AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

|  |  |
|---|---|
| Jana M. Alig-Mielcarek, Ph.D. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Derrell L. Jackson, Ed.D., et al. | ) |
| *Defendant* | ) |

Civil Action No.   2:11-cv-0255

(If the action is pending in another district, state where:
Southern District of Ohio        )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Clark Atlanta University, Inc. c/o Edward H. Patrick, Registered Agent, 223 James P. Brawley Drive, S.W.,
Atlanta, GA  30314

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:         See attached Ex. A

| Place: Womble Carlyle Sandridge & Rice, LLP c/o Preston Heard, 271 17th Street, N.W. Atlanta, GA  30363-1017 | Date and Time: 05/17/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   05/03/2012

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Jana Alig-Mielcarek, Ph.D.
_____ , who issues or requests this subpoena, are:

Roger A. Gilcrest, Ice Miller, LLP, 250 West Street, Columbus, OH  43215, (614) 462-1055
Roger.Gilcrest@icemiller.com



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:11-cv-0255

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____     ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc: _____

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

Subpoenaed Party is to produce the following documents on or before the date indicated on the accompanying Subpoena:

## INSTRUCTIONS AND DEFINITION OF TERMS

1.      As used herein, the terms "Plaintiff" and "Dr. Alig" refer to Dr. Jana M. Alig-Mielcarek, and include her agents and representatives, including her counsel.

2.      The terms "Defendant" and "CAU" refer to Clark Atlanta University and include agents and representatives, including counsel, for CAU.

3.      The terms "Dr. Sheila Gregory" or "Gregory" refer to Defendant Dr. Sheila Gregory and include agents and representatives, including counsel, for Defendant Dr. Sheila Gregory.

4.      The terms "Darnell Jackson" or "Jackson" refers to Defendant Derrell Jackson Jackson and includes agents and representatives, including counsel, for Defendant Derrell Jackson.

5.      Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to CAU and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of CAU, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monograph, bulletins, manuals, speeches,

audio and video tapes, drawings, blueprints, recordings, computer discs or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, prior art searches and results thereof, including discussions or analysis thereof, opinions or reports of consultants or consulting engineers, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal Rules of Civil Procedure. Such documents and things specifically include each any every electronic version of such documents, including each and every version containing metadata information. Electronically stored information should be produced in native format, including any associated metadata.

6.      Any document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of character and not a part of the original text or any reproduction thereof, is to be considered a separate document for purposes of responding to the following specific document requests.

7.      The term "persons," when used herein means natural persons, corporations, firms, companies, partnerships, unincorporated associations, governmental or public agencies, joint ventures, and all other entities.

8.      In the event CAU wishes to assert either attorney-client privilege or work-product exclusion, or both, as to any document for which identification is requested by any of the following specific requests, then as to each document subject to such assertion, CAU is requested

to provide such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

9.      As used herein, the term "concerning" means in any way relating to, referring to, describing, evidencing, or constituting.

10.     The terms "and" and "or" shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of these document requests any information, documents, or things that might otherwise be construed to be outside their scope.

11.     "Including" as used herein, whether expressly stated to be "without limitation," shall be read as not limiting the generality of the description, category or words that precede it.

12.     The plural of any word shall be construed as the singular, and vice versa, as necessary, in order to bring within the scope of these requests for production of documents any information, documents, or things that might otherwise be construed to be outside their scope.

## DOCUMENTS TO BE PRODUCED

1.      All documents sufficient to identify the date of matriculation of Derrell L. Jackson at CAU as an undergraduate or transient student.

2.      All documents sufficient to identify the date of matriculation of Derrell L. Jackson at CAU as a graduate student.

3.      All documents concerning the study of Derrell L. Jackson at CAU as an undergraduate or transient student.

3

4.   All documents concerning the study of Derrell L. Jackson at CAU as a graduate student.

5.   All documents related to the doctoral dissertation of Derrell L. Jackson at CAU.

6.   All documents related to any duties and/or services performed by Derrell L. Jackson for, or on behalf of, CAU as a student, faculty member, or in any other capacity.

7.   All documents concerning Defendant Jackson's application to attend CAU.

8.   All documents sufficient to indicate acceptance for matriculation of Derrell Jackson by CAU.

9.   All documents concerning Derrell Jackson's matriculation at CAU.

10.   All documents concerning loans, scholarships, tuition reimbursement, tuition credits, wages, salaries, and/or financial assistance received by Derrell Jackson from CAU or in connection with his acceptance to, or attendance at, CAU.

11.   All documents concerning the payment of tuition for Derrell Jackson while at CAU, including the amount of tuition received by CAU for Defendant Jackson's attendance at CAU and the source(s) from which it was received.

12.   All documents concerning the academic record of Derrell Jackson while at CAU.

13.   All documents sufficient to indicate completion of degree requirements by Derrell Jackson while at CAU.

14.   All documents concerning classes taken by Derrell Jackson while at CAU.

15.   All documents concerning classes and courses taught by Derrell Jackson while at CAU.

16.   All documents concerning positions held by Derrell Jackson while at CAU as an employee, faculty member, teaching assistant, or otherwise.

17.   All documents concerning any research performed by Derrell Jackson while at CAU or elsewhere.

4

18.     All documents concerning any thesis or dissertation authored by Derrell Jackson while at CAU.

19.     All documents concerning the dissertation entitled *"Teacher Perceptions of Principal's Leadership Influence on Ninth Grade Students"* by Derrell Jackson.

20.     All documents concerning the grant of a doctoral degree to Derrell Jackson by CAU.

21.     All communications between, or documents concerning any communication between, CAU and Derrell Jackson.

22.     All communications between, or documents concerning any communication between, CAU and Derrell Jackson between October 1, 2010 and February 4, 2011.

23.     All communications between, or documents concerning any communication between, CAU and Derrell Jackson after February 4, 2011.

24.     All communications between, or documents concerning any communication between, CAU and Derrell Jackson concerning the above-captioned litigation or concerning the facts or circumstances alleged in the Amended Complaint filed by Dr. Alig in the above-captioned litigation.

25.     All documents relating to the development, drafting, revision, adoption, enactment, and publication of the degree requirements for the graduate school at CAU from which Defendant Derrell Jackson graduated.

26.     All documents concerning any communication between CAU and Dr. Sheila Gregory concerning the above-captioned litigation or concerning the facts or circumstances alleged in the Amended Complaint filed by Dr. Alig in the above-captioned litigation.

27.     All documents concerning academic advising given to CAU students by Defendant Gregory.

5

28. All documents concerning the review by Defendant Gregory of any dissertation of any CAU student.

29. All documents concerning the review by Dr. Sheila Gregory of any dissertation of Defendant Jackson.

30. All documents concerning the use by Defendant Gregory of the Turnitin® plagiarism detection service for, with respect to, or in connection with, any assignment, including but not limited to dissertations, authored or submitted by Defendant Jackson.

31. All documents concerning the use by Defendant Gregory of the Turnitin® plagiarism detection service for, with respect to, or in connection with any assignment, including but not limited to dissertations, authored or submitted by any student at CAU.

32. All documents concerning the use by Defendant Gregory of the iThenticate® plagiarism detection service for, with respect to, or in connection with, any assignment, including but not limited to dissertations, authored or submitted by Defendant Jackson.

33. All documents concerning the use by Defendant Gregory of the iThenticate® plagiarism detection service for, with respect to, or in connection with any assignment, including but not limited to dissertations, authored or submitted by any student at CAU.

34. All documents concerning academic advising given to CAU students by Dr. Trevor Turner.

35. All documents concerning the review by Dr. Trevor Turner of any dissertation of any CAU student.

36. All documents concerning the review by Dr. Trevor Turner of any dissertation of Defendant Jackson.

6

37.   All documents concerning the use by Dr. Trevor Turner of the Turnitin® plagiarism detection service for, with respect to, or in connection with, any assignment, including but not limited to dissertations, authored or submitted by Defendant Jackson.

38.   All documents concerning any dissertation authored or submitted by any student at CAU.

39.   All documents concerning the use by Dr. Trevor Turner of the Turnitin® plagiarism detection service for, with respect to, or in connection with any assignment, including but not limited to dissertations, authored or submitted by any student at CAU.

40.   All documents concerning the use by Dr. Trevor Turner of the iThenticate® plagiarism detection service for, with respect to, or in connection with, any assignment, including but not limited to dissertations, authored or submitted by Defendant Jackson.

41.   All documents concerning the use by Dr. Trevor Turner of the iThenticate® plagiarism detection service for, with respect to, or in connection with any assignment, including but not limited to dissertations, authored or submitted by any student at CAU.

42.   All documents concerning academic advising given to CAU students Dr. Noran Moffett.

43.   All documents concerning the review by Dr. Noran Moffett of any dissertation of any CAU student.

44.   All documents concerning the review by Dr. Noran Moffett of any dissertation of Derrell Jackson.

45.   All documents concerning the use by Dr. Noran Moffett of the Turnitin® plagiarism detection service for, with respect to, or in connection with, any assignment, including but not limited to dissertations, authored or submitted by Defendant Jackson.

7

**46.**     All documents concerning the use by Dr. Noran Moffett of the Turnitin® plagiarism detection service for, with respect to, or in connection with any assignment, including but not limited to dissertations, authored or submitted by any student at CAU.

**47.**     All documents concerning the use by Dr. Noran Moffett of the iThenticate® plagiarism detection service for, with respect to, or in connection with, any assignment, including but not limited to dissertations, authored or submitted by Defendant Jackson.

**48.**     All documents concerning the use by Dr. Noran Moffett of the iThenticate® plagiarism detection service for, with respect to, or in connection with any assignment, including but not limited to dissertations, authored or submitted by any student at CAU.

**49.**     All documents concerning Defendant Gregory's application for employment at CAU.

**50.**     All documents sufficient to indicate appointment of Defendant Gregory to the faculty of CAU.

**51.**     A syllabus for each of the classes taught by Defendant Gregory while Defendant Jackson was a student at CAU.

**52.**     All documents sufficient to indicate the classes taught by Dr. Sheila Gregory while Defendant Jackson was a student at CAU.

**53.**     All documents concerning Defendant Gregory's employment with CAU.

**54.**     All documents concerning Defendant Gregory's employment performance while at CAU.

**55.**     All documents concerning communications between Defendant Gregory and Defendant Jackson.

**56.**     All documents concerning communications among and between Defendant Gregory and any CAU faculty members and/or any member of the administration of CAU concerning Defendant Jackson.

8

57.     All documents concerning communications among and between Defendant Gregory and any CAU faculty members and/or any member of the administration of CAU concerning the book entitled *"Are Schools Creating a Permanent Underclass"* by Defendant Derrell Jackson.

58.     All documents concerning communications among and between Defendant Gregory and any CAU faculty members and/or any member of the administration of CAU concerning the dissertation entitled *"A Model of School Success: Instructional Leadership, Academic Press, and Student Achievement"* by Dr. Jana Alig-Mielcarek.

59.     Aroduce all documents concerning Defendant Project Focus, LLC.

60.     All documents concerning any agreement, contract or relationship or arrangement of any type between CAU and Defendant Project Focus, LLC.

61.     All documents concerning or in any way relating to any communication between CAU and Defendant Project Focus, LLC.

62.     All documents concerning or in any way regarding the formation, structure, and ownership of the entity referenced in Plaintiff's Complaint in the above-captioned action called Dissertation Coaching Services.

63.     All documents concerning or in any way regarding any agreement, contract, or relationship among or between CAU, Dissertation Coaching Services, and/or Defendant Gregory.

64.     All documents concerning any communication among and between CAU, Dissertation Coaching Services and Defendant Gregory.

65.     All documents concerning or in any way regarding any internet advertising by Dissertation Coaching Services and/or Defendant Gregory on any web site hosted, operated, owned, controlled, or maintained by CAU.

9

**66.**     All documents concerning Internet-Journals, Inc. dba The Berkeley Electronic Press and/or Atlanta University Center.

**67.**     All documents concerning any contract between Atlanta University Center and Internet-Journals, Inc. dba The Berkeley Electronic Press.

**68.**     All documents concerning any contract between CAU and Atlanta University Center.

**69.**     All documents sufficient to provide log-on and password information for the DigitalCommons@Robert W. Woodruff Library web site.

**70.**     All documents concerning any contract between CAU and Defendant Rathsi Publishing concerning book publication.

**71.**     All documents concerning any communication between CAU and Defendant Rathsi Publishing concerning book publication.

**72.**     All documents sufficient to identify the cost of graduate tuition and CAU during the academic years from 2005 to present.

**73.**     All documents relating to the development, drafting, revision, adoption, enactment, and publication of CAU's Faculty Policy.

**74.**     All documents relating to the development, drafting, revision, adoption, enactment, and publication of CAU's Student Handbook.

**75.**     All documents relating to the development, drafting, revision, enactment, and publication of CAU's Code of Conduct.

**76.**     All documents relating to the development, drafting, revision, enactment, and publication of CAU's Campus Cultural Creed.

**77.**     All documents relating to the reported income of undergraduate graduates of CAU.

**78.**     All documents relating to the reported income of doctoral graduates of CAU.

10

4087282v1

**79.**    All documents concerning Internet-Journals, Inc. dba The Berkeley Electronic Press.

**80.**    All documents concerning any contract between CAU and Internet-Journals, Inc. dba The Berkeley Electronic Press.

**81.**    All documents concerning any contract between Atlanta University Center and Internet-Journals, Inc. dba The Berkeley Electronic Press.

**82.**    All documents concerning any contract between CAU and Atlanta University Center.

**83.**    All documents evidencing any communication between anyone at, or on behalf of, CAU and anyone at, or on behalf of, Atlanta University Center concerning the dissertation entitled *"Teacher Perceptions of Principal's Leadership Influence on Ninth Grade Students"* by Derrell Jackson.

**84.**    All documents evidencing any communication between anyone at, or on behalf of, CAU and anyone at, or on behalf of, the Robert W. Woodruff Library concerning the dissertation entitled *"Teacher Perceptions of Principal's Leadership Influence on Ninth Grade Students"* by Derrell Jackson.

**85.**    All documents evidencing any communication between anyone at, or on behalf of, CAU and anyone at, or on behalf of, Internet-Journals, Inc. dba The Berkeley Electronic Press concerning the dissertation entitled *"Teacher Perceptions of Principal's Leadership Influence on Ninth Grade Students"* by Derrell Jackson.

**86.**    All documents concerning iParadigms LLC, including, but not limited to any agreements between iParadigms LLC and CAU.

**87.**    All documents concerning the Turnitin® plagiarism detection service, including, but not limited to, any agreements among and between iParadigms LLC, the Turnitin® Service and CAU, and/or documents giving CAU access to the Turnitin® service.

11

**88.**     All documents concerning the iThenticate® plagiarism detection service, including, but not limited to, any agreements, among and between iParadigms LLC, the iThenticate® Service and CAU, and/or documents giving CAU access to the iThenticate® service.

**89.**     All documents sufficient to provide access or log-on and password information for the Turnitin® plagiarism service.

**90.**     All documents sufficient to provide access or log-on and password information for the iThenticate® plagiarism service.

**91.**     All documents concerning CAU's policy or rules governing use of the Turnitin® plagiarism detection service by students or faculty members of CAU.

**92.**     All documents concerning CAU' policy or rules governing use of the iThenticate® plagiarism detection service by students or faculty members of CAU.

**93.**     All documents concerning use of the Turnitin® plagiarism detection service by students or faculty members of CAU.

**94.**     All documents concerning use of the iThenticate® plagiarism detection service by students or faculty members of CAU.

**95.**     All documents concerning or indicating use of the Turnitin® plagiarism detection service by Gregory.

**96.**     All documents concerning or indicating use of the iThenticate® plagiarism detection service by Defendant Gregory.

**97.**     All documents sufficient to evidence that Defendant Gregory was aware of the Turnitin® plagiarism detection service at any time during her advising of Defendant Jackson.

**98.**     All documents sufficient to evidence that Defendant Gregory was aware of the iThenticate® plagiarism detection service at any time during her advising of Defendant Jackson.

12

**99.** All documents concerning use of the Turnitin® plagiarism detection service by Dr. Trevor Turner.

**100.** All documents concerning use of the iThenticate® plagiarism detection service by Dr. Trevor Turner.

**101.** All documents sufficient to evidence that Dr. Trevor Turner was aware of the Turnitin® plagiarism detection service at any time during his advising of Defendant Jackson.

**102.** All documents sufficient to evidence that Dr. Trevor Turner was aware of the iThenticate® plagiarism detection service at any time during his advising of Defendant Jackson.

**103.** All documents concerning use of the Turnitin® plagiarism detection service by Dr. Noran Moffett.

**104.** All documents concerning use of the iThenticate® plagiarism detection service by Dr. Noran Moffett.

**105.** All documents sufficient to evidence that Dr. Noran Moffett was aware of the Turnitin® plagiarism detection service at any time during her advising of Defendant Jackson.

**106.** All documents sufficient to evidence that Dr. Noran Moffett was aware of the iThenticate® plagiarism detection service at any time during her advising of Defendant Jackson.

**107.** All documents sufficient to evidence that other members of Defendant Jackson's dissertation advisory and review committee were aware of the Turnitin® plagiarism detection service.

**108.** All documents sufficient to evidence that other members of Defendant Jackson's dissertation advisory and review committee were aware of the iThenticate® plagiarism detection service.

13

**109.**   All documents evidencing communications among and/or between any CAU faculty members and/or any member of the administration of CAU concerning use of the Turnitin® plagiarism detection service.

**110.**   All documents evidencing communications among and/or between any CAU faculty members and/or any member of the administration of CAU concerning use of the iThenticate® plagiarism detection service.

**111.**   All documents concerning the book entitled *"Are Schools Creating a Permanent Underclass"* by Derrell Jackson.

**112.**   All documents concerning or relating to books naming CAU faculty as authors or co-authors, including any policies, tenure criteria, or other materials addressing faculty publications and/or publishing of books or articles by faculty.

**113.**   All documents evidencing communications among and between any CAU faculty members and/or any member of the administration of CAU concerning books naming CAU faculty as authors.

**114.**   All documents concerning CAU's policy or rules governing, concerning, or relating to plagiarism by faculty, staff, and/or students.

**115.**   All documents concerning charges, allegations, or suspicions of plagiarism against any student while at CAU.

**116.**   All documents concerning or in any way relating to charges, allegations, or suspicions of plagiarism against or related to Defendant Jackson while a student or a faculty member at CAU.

**117.**   All documents evidencing communications concerning charges, allegations, or suspicions of plagiarism.

14

118.   All documents evidencing communications concerning charges, allegations, or suspicions of plagiarism against Defendant Jackson.

119.   All documents evidencing communications among and between any CAU faculty members concerning charges, allegations, or suspicions of plagiarism against Defendant Jackson.

120.   All documents evidencing communications among and between any member of the administration of CAU concerning charges, allegations, or suspicions of plagiarism against Defendant Jackson.

121.   All documents evidencing communications among and between any CAU faculty members and/or any member of the administration of CAU concerning charges, allegations, or suspicions of plagiarism at CAU.

122.   All documents concerning CAU's policy or rules governing copyright infringement.

123.   All documents concerning charges, allegations, or suspicions of copyright infringement against any student while at CAU.

124.   All documents concerning charges, allegations, or suspicions of copyright infringement against Defendant Jackson while a student or a faculty member at CAU.

125.   All documents evidencing communications concerning charges, allegations, or suspicions of copyright infringement against or related to Defendant Jackson.

126.   All documents evidencing communications among and between any CAU faculty members concerning charges, allegations, or suspicions of copyright infringement against Defendant Jackson.

127.   All documents evidencing communications among and between any member of the administration of CAU concerning charges, allegations, or suspicions of copyright infringement against Defendant Jackson.

15

**128.** All documents evidencing communications among and between any CAU faculty members and/or any member of the administration of CAU concerning copyright infringement at CAU.

**129.** All documents concerning CAU's policy or rules governing, respecting, or relating to revocation of undergraduate or graduate degrees awarded by CAU.

**130.** All documents sufficient to identify the number of graduate and undergraduate students whose degrees CAU has revoked for any reason from 2002 to the present.

**131.** All documents concerning the revocation of any degree granted by CAU to Defendant Jackson.

**132.** All documents evidencing communications concerning the revocation of any degree granted by CAU to any student.

**133.** All documents evidencing communications concerning the revocation of any degree granted by CAU to Defendant Jackson.

**134.** All documents evidencing communications among and between any CAU faculty member and any other person(s) concerning the revocation of any degree granted by CAU to Defendant Jackson.

**135.** All documents evidencing communications among and between any member of the administration of CAU and any other person(s) concerning the revocation of any degree granted by CAU to Derrell Jackson.

**136.** All documents concerning any joint defense agreement between Defendant Gregory and CAU, including a copy of any such agreement(s) and any and all communications related thereto.

16

137.    All documents concerning or in any way related to any claims made or tendered, or notices given, to any insurance company by Defendant Gregory and/or CAU as a result of this Action, including a copy of any policy of insurance under which said claim or notice was made or tendered.

17