IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JANA M. ALIG-MIELCAREK, Ph.D. ) | |
| ) | |
| Plaintiff ) | |
| v. ) | CASE NO. 1:12-MI 0077 |
| ) | |
| DERRELL L. JACKSON, Ed. D., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN OPPOSITION TO DEFENDANT CLARK ATLANTA UNIVERSITY, INC.'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

**I.   INTRODUCTION**

Plaintiff Jana M. Alig-Mielcarek ("Plaintiff") respectfully submits her Memorandum in Opposition to Defendant Clark Atlanta's Motion to Quash Subpoena or, In the Alternative, For a Protective Order and respectfully requests this Court deny Clark Atlanta's Motion for the reasons set forth herein. Specifically, Defendant has failed to meet its burden under Federal Rule of Civil Procedure 45 to show that the subpoena requests privileged information or is unduly burdensome. Defendant's Motion to Quash is support by no testimonial evidence by those that would be involved in complying with the requests as to the level of burden asserted.

**II.   BACKGROUND**

   **A.   The Underlying Amended Complaint**

This case arises out of the Defendants' infringement of Plaintiff Dr. Alig's copyright in her Ph.D. dissertation entitled, "*A Model of School success: Instructional Leadership, Academic Press, and Student Achievement*" ("*A Model of School Success*"). *A Model of School Success* published and became publicly available in October 2003, and Plaintiff Dr. Alig registered its copyright in 2004. (*See* Amend. Comp. at ¶¶ 40, 44, attached hereto as Exhibit 1). This case

1

also involves the tort of negligence on the part of Clark Atlanta by its employee(s) failing to detect the infringement of Plaintiff's copyright by exercising due care in the review of the Jackson Dissertation. Accordingly, the discovery sought by the subject subpoena is directly relevant to Clark Atlanta's duty of care historically exercised in the review of the academic works of its students.

Defendant Jackson was an employee and faculty member at Defendant Clark Atlanta when he authored and published a book that infringed Plaintiff's copyright. Additionally, Defendant Clark Atlanta granted Defendant Jackson a Doctor of Education degree in Educational Leadership in 2008 based upon a dissertation that also infringed Plaintiff's copyright in *A Model of School Success*. (Amend. Comp. ¶¶ 5-6). Defendant Clark Atlanta negligently allowed this infringement to occur, and further independently infringed Plaintiff's copyright by copying and distributing copies of Defendant Jackson's infringing book and dissertation.

Defendant Sheila T. Gregory ("Gregory") is also employed by Defendant Clark Atlanta, serving as an Associate Professor for Higher Education and Educational Leadership. (Amend. Comp. ¶¶ 9-10). In addition, Gregory is the owner and Managing Partner of a for-profit company called Dissertation Coaching Services that provides dissertation coaching and consulting services, and which operates as a joint venture or general partnership with Clark Atlanta for the purpose of, among other things, assisting students in creating a dissertation in order to obtain advanced degrees. (Amend. Comp. ¶ 17). Gregory served as the Clark Atlanta faculty academic advisor to Jackson during the preparation and defense of his dissertation. (Amend. Comp. ¶¶ 68-69).

As part of his efforts to obtain his Ph.D. from Defendant Clark Atlanta, Defendant Jackson prepared a dissertation entitled, *"Teacher Perceptions of Principals' Leadership*

*Influence on Ninth Grade Student Outcomes*" (the "Jackson Dissertation"). (Amend. Comp. ¶ 54). During this time, Defendant Jackson was aware of, and subject to, numerous Clark Atlanta policies, including the Faculty Policy, Student Handbook, Code of conduct, and the Intellectual Properly Policy of Clark Atlanta University. (Amend. Comp. ¶ 55). The Jackson Dissertation contains excerpts taken, derived, and copied directly from Dr. Alig's *A Model of Success*, without attribution, permission, or citation to *A Model of Success*. (Amend. Comp. ¶ 58-64). The Jackson Dissertation therefore infringes A Model of Success—a fact which Defendant Clark Atlanta appears not to dispute. Defendants Jackson, Gregory and Clark Atlanta copied the infringing dissertation and distributed it through various sources, including the Clark Atlanta University Library, Digital Commons at Robert W. Woodruff Library ("Digital Commons"), ProQuest UMI Dissertation Publishing ("ProQuest"), Internet-Journals, Inc. dba "The Berkeley Electronic Press ("Bepress"), and the Atlanta University Center, which is a cooperative library to a group of institutions including Defendant Clark Atlanta, Morehouse College, and Spelman College. (Amend. Comp. ¶¶ 17-18, 65).

Subsequently, Defendant Jackson authored a booked entitled, "*Are Schools Creating a Permanent Underclass?*" (the "Jackson Book"). (Amend. Comp. ¶89). Like the Jackson Dissertation, the Jackson Book contains significant, substantial, and nearly verbatim portions copied from *A Model of School Success*. (Amend. Comp. ¶¶ 93, 97). The Jackson Book has been published and sold on various websites, including www.derrelljackson.com and www.amazon.com. (Amend. Comp. ¶ 92). Jackson does not cite to, credit, or attribute Dr. Alig or *A Model of School Success* in his second infringing work, the Jackson Book. (Amend. Comp. ¶ 101). Plaintiff Dr. Alig first became aware of the Jackson Book in the fall of 2010.

As noted above, Defendant Clark Atlanta does not appear to dispute that Defendant Jackson improperly copied Plaintiff's dissertation. After Plaintiff notified Defendant Clark Atlanta of the infringement, Defendant Clark Atlanta conducted an investigation from October 2010 to February 2011 relating to Jackson's plagiarism and copyright infringement of Dr. Alig's *A Model of School Success*. At the conclusion of its investigation, Defendant Clark Atlanta determined that Defendant Jackson had copied Dr. Alig's dissertation. Defendant Clark Atlanta revoked Defendant Jackson's doctoral degree shortly thereafter and, upon information and belief, terminated Defendant Jackson's employment with Defendant Clark Atlanta.

Upon these and other facts alleged in the Amended Complaint, Plaintiff Dr. Alig asserts several causes of action against Clark Atlanta, including: Direct Copyright Infringement (Count I), Vicarious Liability for Copyright Infringement (Counts II-IV), Vicarious Liability for Common Law Negligence Infringement (Counts V-VI), Vicarious Liability for False Designation of Origin and False Advertising (Count VII), Vicarious Liability for Deceptive Trade Practices Under Ohio Revised Code 4165 (Count VIII (inadvertently labeled as a second Count VII in the Amended Complaint)), Vicarious Liability for Palming Off Under Ohio Common Law (Count IX (labeled VIII in Amended Complaint), Vicarious Liability for Negligence Under Ohio Common Law (Count X (labeled Count IX in Amended Complaint), Vicariously Liability for Intentional Tort Under Ohio Common Law (Count X), and Vicarious Liability for Unjust Enrichment Under Ohio Common Law (Count XI (labeled Count IX in Amended Complaint).[1] Dr. Alig asserts independent claims relating to each of the two separate infringing works, the Jackson Dissertation and the Jackson Book.

---

[1] In contrast to the characterization in on pages 1 and 2 of Clark Atlanta's Motion, this case involves much more than copyright infringement and "alleged plagiarism." It includes causes of action for negligence and vicarious liability. The plagiarism is no longer "alleged." Clark

4

To pursue these claims, Plaintiff served requests for production of documents upon Defendant Clark Atlanta. Clark Atlanta has objected to the majority of Plaintiff's documents request and has refused to produce documents directly relevant to Plaintiff's case. Clark Atlanta has objected to Plaintiff's subpoena based on (1) alleged undue burden and relevance and (2) alleged privilege under the Federal Educational Rights and Privacy Act ("FERPA"). Because FERPA allows parties to produce documents in response to a subpoena, Plaintiff served a subpoena upon Defendant Clark Atlanta requesting the documents after receiving Defendant Clark Atlanta's responses and objections to Plaintiff's requests for production. Defendant Clark Atlanta, however, continues to refuse to produce responsive and relevant documents, hiding behind FERPA and asserting conclusory arguments that the requested documents are not relevant to any claim in the action. However, as is described below, Clark Atlanta's arguments are unpersuasive and unsupported. Accordingly, this Court should deny Clark Atlanta's Motion to Quash in its entirety.

## III. LAW AND ARGUMENT

### A. Standard for Motion to Quash

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in part, that a court must quash or modify a subpoena that fails to provide a reasonable time to comply, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed.R.Civ.P. 45. Clark Atlanta, the party seeking to quash the subpoena, bears the burden of demonstrating show that the subpoena does any of the foregoing. As is described more thoroughly below, it has failed to meet that burden.

---

Atlanta has determined that Jackson plagiarized his dissertation, has stripped him of his degree, and removed him from the faculty of Clark Atlanta.

### B. The Subpoena Is Not Unduly Burdensome and Requests Relevant Information.

Rule 401 of the Federal Rules of Evidence expressly provides that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is well-established that relevancy during pretrial discovery is much broader in scope than relevancy at trial. *Financial Bldg. consultants, Inc. v. American Druggists Ins. Co.*, 91 F.R.D. 59, 61 (D.C. Ga. 1981). Federal Civil Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiff's discovery requests go to the heart of several of her claims and several issues in the case. For example, Plaintiff Alig asserts several negligence claims in her Amended Complaint (see Counts V, VI, and X). A number of the requests cited in Defendant's motion to quash are directly relevant to establishing the applicable standard of care and Defendant's failure to satisfy it. Similarly, the requests seek evidence that is relevant to the question of whether Defendant Clark Atlanta voluntarily undertook (through its numerous policies, including the Faculty Policy, Student Handbook, Code of conduct, and the Intellectual Properly Policy), and then failed to meet, a heightened standard of care against copying by its students and faculty, as well as the standard of care for professors serving on dissertation advisory committees. The discovery requests further seek evidence bearing upon whether plagiarism and copyright infringement have been problems for Clark Atlanta in the past, whether Clark Atlanta was aware

of persistent copyright infringement and plagiarism among its students, and what actions Clark Atlanta has taken in the past, if any, to prevent copyright infringement and plagiarism.

As above, this information helps establish the standard of care for Clark Atlanta's conduct. Knowledge of past instances of infringement and plagiarism are relevant because Clark Atlanta's duty of care would increase if Defendant Clark Atlanta had notice that copying was an ongoing problem among its students and/or faculty. Accordingly, the requests at issue go directly to the issue of negligence in this case, and, even if the information sought or obtained is not independently admissible in the form in which it is produced, the information sought is reasonably calculated to lead to the discovery of admissible evidence. *See* F.R.C.P. 26(b)(1). Despite its impassioned protestations and general citation to case law pertaining to relevancy in discovery disputes, Defendant Clark Atlanta has not, and cannot, show that the specific discovery requests at issue are not relevant to this litigation. *See* Clark Atlanta's Motion to Quash at pp. 10-11.

Clark Atlanta holds itself out as an institution of higher learning and has adopted several written policies for its faculty and students containing prohibitions against intellectual dishonesty and the infringement of the intellectual property rights of others. The subject requests seek evidence directly relevant to Clark Atlanta's past experiences with respect to academic dishonesty and the violation of the intellectual property rights of others. For example, the following requests go to the issue of whether Clark Atlanta adhered to the standard of care in preventing copyright infringement and plagiarism and Clark Atlanta's knowledge of copyright infringement occurrences:

**Request No. 27:** Please produce all documents concerning academic advising given to CAU students by Defendant Gregory.

**Request No. 28:** Please produce all documents concerning the review by Defendant Gregory of any dissertation of any CAU student.

**Request No. 74:** Please produce all documents relating to the development, drafting, revision, adoption, enactment and publication of CAU's Student Handbook.

These requests, and other similar requests such as those related to the Turnitin® and iThenticate® plagiarism detection services (to which Defendant Clark Atlanta subscribed at all relevant times), all relate to Plaintiff's challenges to Clark Atlanta standards of academic honesty, rigor, and prohibitions against intellectual property rights violations, and to Defendant Clark Atlanta's employees' practices with respect to their academic advising on dissertations. The subject requests seek evidence directly relevant to the development of Defendant Clark Atlanta's own standard of care for the detection and prevention of academic dishonesty and intellectual property rights violations, as well as the standard of care actually applied in practice by Defendant Gregory to ensure that no copying occurred, and whether the Defendants satisfied the applicable standard of care. These arguments apply with equal force to requests numbers 27, 28, 34, 42, 43, 69, 74-76, 89, 90, 93, 94, 109, 112-113, 115, 117 and 121.[2]

There is simply no better way for Plaintiff to obtain the requested information but through the discovery sought here. The facts at issue relevant to Clark Atlanta's own standard of care and Defendants' detection and prevention of academic dishonesty and intellectual property rights violations cannot be obtained more easily from any other source. Without the discovery sought by the subject subpoena, Plaintiff would be forced to scour multiple distant sources for evidence bearing on the events surrounding the negligent failure to detect intellectual property

---

[2] Plaintiff withdraws Request No. 38.

rights violations, the standard of care or such acts generally, and Clark Atlanta's self-imposed standard of care governing that negligence.

### C. Compliance with FERPA Does Not Make the Requests Automatically Unduly Burdensome.

Clark Atlanta makes sweeping assertions regarding undue burden, but fails to meet its burden under Rule 45 to show how complying with the requests would impose an undue burden. It is not enough to simply assert that compliance would create a burden; it must be an *undue* burden. Accordingly, Clark Atlanta has failed to show how Plaintiff's subpoena subjects it to an undue burden, and its Motion to Quash on this basis should be denied. It is not entirely clear whether Clark Atlanta is requesting that Plaintiff's subpoena be quashed because Clark Atlanta simply might have to comply with FERPA or because compliance with FERPA would somehow impose an undue burden. Regardless of Clark Atlanta's basis, it has failed to meet its burden under Rule 45.

FERPA clearly anticipates that information protected by its statutory umbrella would be discoverable if required to be disclosed by a court order, as is the case here. Thus, the fact that information might fall under the purview of FERPA is not a persuasive reason to quash a subpoena. *See* 20 U.S.C. § 1232g; *see also D.L. v. Unified School Dist. No. 497*, 270 F.Supp.2d 1217, 1244 (D. Kan. 2002); *Ellis v. Cleveland Municipal School Dist.*, 309 F.Supp.2d 1019, 1024 (N.D. Ohio 2004). Furthermore, FERPA provides a mechanism by which students affected by court-ordered disclosure would be advised of the disclosure of the information. 20 U.S.C. § 1232g. Accordingly, while FERPA in the first instance poses a statutory barrier to discovery (i.e., a burden to those seeking discovery), it also provides a mechanism requiring disclosure and student notification when disclosure of the information is court-ordered.

Because FERPA clearly creates an exception to the rule prohibiting disclosure of confidential information pertaining to students, in order to prevail on the basis under Rule 45, Defendant Clark Atlanta must show how disclosure of the information would subject them to additional liability or otherwise subject them to an undue burden. *Unified School Dist. No. 497* at 1244. Clark Atlanta is under no more burden than fair discovery of relevant information requires, and in this context within the anticipated scope of activity required of institutional holders of educational information. The fact that the requests are properly potentially directed to multiple students does not relieve Clark Atlanta from compliance. Clark Atlanta wholly fails to explain how such compliance would impose an undue burden, other than simply calling the task "painstaking" and "onerous." Clark Atlanta's Motion to Quash at p. 12. Such unsupported assertions cannot possibly meet Clark Atlanta's burden under Rule 45, and, on this basis alone, this Court should deny Defendant's Motion to Quash.

## IV.    CONCLUSION

Under Federal Rule of Civil Procedure 45, a court should quash or modify a subpoena only where the subpoena requires disclosure of privileged or other protected matter (and no exception or waiver applies), or would subject the producing party to undue burden. Fed. R. Civ. P. 45(c)(3). Contrary to Clark Atlanta's assertions, however, Plaintiff's subpoena does neither of the foregoing, and Defendant Clark Atlanta has failed to meet its burden of showing otherwise. Based upon the foregoing, Plaintiff respectfully requests this Court deny Defendant Clark Atlanta's Motion to Quash Subpoena or, in the Alternative, for a Protective Order.

4111096v4

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANT CLARK ATLANTA UNIVERSITY, INC.'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER has been prepared in Times New Roman 12, a font and type selection approved by the Court in L.R. 5.1(B).

Respectfully submitted this 30th day of May, 2012.

_____
Stuart L. Brown (009040)
Stuart.Brown@icemiller.com
Ice Miller LLP
One American Square
Suite 2900
Indianapolis, IN 46282
Telephone: 317-236-2342
Attorney for Plaintiff
Jana Michelle Alig-Mielcarek, Ph.D.

OF COUNSEL:

Roger Gilcrest (Ohio – 0019663)
Roger.Gilcrest@icemiller.com
Ice Miller LLP
250 West Street
Columbus, Ohio 43215
Telephone: 614-462-1055
Facsimile: 614-222-3437

4111096v4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 30, 2012, a copy of Plaintiff's MEMORANDUM IN OPPOSITION TO DEFENDANT CLARK ATLANTA UNIVERSITY, INC.'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER was sent via first class mail, postage prepaid to:

> Mary M. Brockington
> Strickland Brockington Lewis LLP
> Midtown Proscenium Suite 2200
> 1170 Peachtree Suite NE
> Atlanta, Georgia 30309

and electronically to:

mmb@sbllaw.net

_____
Stuart L. Brown

4111096v4